IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| **Howard Edwin Wimbrow** | Case No. 11-12246 (BLS) |
| Debtor(s). | |
| **Ronald W. Hickman,**<br>**Charles M. Meenehan,** | Adv. No. 12-50086 (BLS) |
| Plaintiffs, | Related to Adv. Docket Nos.:<br>1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 |
| v. | |
| **Howard Edwin Wimbrow,** | |
| Defendant. | |

## OPINION[1]

Before the Court is the debtor-defendant Howard E. Wimbrow's Motion to Partially Dismiss the Adversary Complaint.[2] Wimbrow seeks the dismissal of claims that a judgment creditor has asserted against him under §523(a)(4) of the Bankruptcy Code, which prevents individual debtors from discharging debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4). For the reasons that follow, the Court will grant the motion.

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. Consideration of the Motion constitutes a core pro-ceeding under 28 U.S.C. §157(b)(2)(I) and (J).

[2] Adv. Dkt. No. 8.

# I. BACKGROUND

Wimbrow left his job as an accountant at the public accounting firm Faw, Casson & Co., LLP, in September 2008. He was later sued in Maryland state court by two former Faw, Casson partners, Ronald Hickman and Charles Meenehan (the "Plaintiffs"), who alleged that Wimbrow had breached the non-compete clause in his employment contract by providing accounting services to former Faw, Casson clients after his departure and not remitting his earnings from that work to Faw, Casson.[3] The court in Maryland agreed with the Plaintiffs, found that Wimbrow had indeed breached the non-compete clause, and entered a judgment in the Plaintiffs' favor of about seventy-nine thousand dollars.[4] Before the Plaintiffs could collect that debt, however, Wimbrow filed for bankruptcy protection in this Court under Chapter 13 of the Bankruptcy Code.

The Plaintiffs then initiated this adversary proceeding, seeking to prevent Wimbrow from discharging their debt in his bankruptcy case.[5] To that end, the Plaintiffs asserted six counts against Wimbrow under §523(a) of the Bankruptcy Code. In response, Wimbrow first filed an answer to the complaint; he then filed a motion to dismiss three of the counts, specifically those based on §523(a)(4).

# II. DISCUSSION

## A. The motion to dismiss will be treated as a motion for judgment on the pleadings

Wimbrow should have filed his motion to dismiss before answering the complaint. "A motion under [Federal Rule of Civil Procedure] 12(b)(6) raising the defense of failure to state a claim upon which relief may be granted must be made *before* the service of a re-

---

[3] The Plaintiffs were assigned the right to sue Wimbrow as part of the consideration they received from Faw, Casson when the firm closed its Salisbury, Maryland office.

[4] The Plaintiffs received a judgment of $51,588 for damages and $27,033.50 in attorneys fees.

[5] The Plaintiffs will receive some payment on their debt through Wimbrow's Chapter 13 plan, but it will only be a fraction of their claim.

sponsive pleading." *Trs. of the Univ. of Pa. v. Mayflower Transit, Inc.*, No. 97-1111, 1997 WL 598001, at *1-2 (E.D. Pa. Sep. 16, 1997) (quoting C. Wright & A. Miller, *Federal Practice & Procedure* §1357, at 299-300 (1990)) (emphasis added). Asserting the defense *after* the answer is filed is done "by motion for judgment on the pleadings [under Rule 12(c)], or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). Nonetheless, courts have the discretion to treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion, since the two serve basically the same function and doing so allows courts to "reach the same judicially efficient answer." *Tr. of the Univ. of Pennsylvania*, 1997 WL 598001, at *1-2 (quoting *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F.Supp. 587, 588 (W.D. La. 1993)). Many circuit courts have endorsed the practice, *id.*, and this Court will employ it here. Wimbrow's motion to dismiss will therefore be treated as a motion for partial judgment on the pleadings.

The Third Circuit has said that "judgment will not be granted [under Rule 12(c)] unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks and citations omitted). The facts and the reasonable inferences drawn from them are to be viewed in the light most favorable to the non-moving Plaintiffs. *Id.* The Plaintiffs cannot, however, defeat Wimbrow's motion with conclusory allegations and denials; they must provide supportive arguments or facts that show the necessity of trial. *McAnaney v. Astoria Fin. Corp.*, 665 F.Supp.2d 132, 141 (E.D.N.Y. 2009).

## B.  Count II

Although a fundamental goal of the Bankruptcy Code is to provide a fresh start to individuals burdened by debt, the Supreme Court has cautioned that, "in the same breath that we have invoked this fresh start policy, we have been careful to explain that the Act limits the opportunity for a completely unencumbered new beginning to the honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-87

(1991) (internal quotations omitted). Generally, bankruptcy law will not relieve debtors from debts attributable to their own wrongdoing. Section 523 of the Code lists nineteen exceptions to discharge, one of which—§523(a)(4)—provides that an individual debtor may not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. §523(a)(4).

The Plaintiffs here allege that this exception applies to their judgment-based debt because Wimbrow "through his conduct, imposed himself as a constructive trustee and became a fiduciary for the benefit of the Plaintiffs,"[6] and that "while acting in this fiduciary position"[7] he committed a defalcation by taking Faw, Casson clients and not remitting the income he received for that work to the firm. But the Plaintiffs' argument fails as a matter of law.

First, this Court has held that an exception to discharge under §523(a)(4) cannot be based on a constructive or implied trust. *In re Donna K. Brady*, 458 B.R. 814, 820 (Bankr. D. Del. 2011); *In re Moran*, 413 B.R. 168, 185 n.72 (Bankr. D. Del. 2009); *see also Village at Bailey Springs Homeowners Assoc. v. Laricci*, No. 1:10-CV-1952, 2011 U.S. Dist. LEXIS 112321, at *6 (M.D. Pa. Sep. 30, 2011) (holding that a fiduciary relationship is limited under §523(a)(4) to an express or technical trust and that "fiduciary capacity" under §523(a)(4) has a narrower meaning than its traditional common law definition). Second, although the Plaintiffs argue that "a fiduciary relationship existed between the parties pursuant to the enforcement of the employment contract,"[8] they overlook that Wimbrow was not a Faw, Casson employee when the alleged defalcation took place. The law does not consider Wimbrow a fiduciary simply because he was contractually obligated not to compete with the firm for a year after his departure. *See e.g., In re Sternberg* No. 09-2514, 2010 U.S. Dist. LEXIS 24217 (D.N.J. Mar. 12, 2010) (holding that debtor's breach of employment contract by not repaying a

---

[6] Compl. ¶28.

[7] Compl. ¶29.

[8] Pls. Resp. at 3.

bonus after leaving his firm did not give rise to a fiduciary duty inde-
pendent of the contract). Because Wimbrow was not a fiduciary of
Faw, Casson during the relevant time period, he could not have com-
mitted a defalcation while acting in a fiduciary capacity. Count II will
be dismissed.

### C. Count III

Section 523(a)(4) also prevents an individual debtor from dis-
charging any debt "for larceny," which the Plaintiffs alleged
Wimbrow committed by retaining what he earned for the services he
provided to former Faw, Cassen clients after he left the firm. Courts
define larceny for §523(a)(4) purposes by looking to federal common
law and are not bound by state law. *Hendry*, 428 B.R. 68, 78 (Bankr. D.
Del. 2010); *Webber v. Giarrantano*, 299 B.R. 328, 338 (Bankr. D. Del.
2003). Federal common law defines larceny as "the felonious taking of
another's personal property with intent to convert it or deprive the
owner of the same." *Schlessinger*, 208 Fed. Appx. 131, 133 (3d Cir.
2006); *Hendry*, 428 B.R. at 78; *Giarrantano,* 299 B.R. at 338 (citing Collier
on Bankruptcy ¶ 523.10[2] (15th ed. Rev. 2006)). To establish a claim
for larceny under §523(a)(4), the Plaintiffs must show that Wimbrow
unlawfully misappropriated the funds for his or her own benefit and
that he did so with fraudulent intent that was malicious or wrongful.
*Hendry*, 428 B.R. at 78; *Giarrantano,* 299 B.R. at 338.

The first element of larceny is not satisfied here because
Wimbrow did not receive the funds in question unlawfully. All of the
clients for whom Wimbrow worked after leaving Faw, Casson signed
releases requesting their files be transferred to Wimbrow. That
Wimbrow chose to serve those clients when the non-compete clause
applied simply meant he had a contractual obligation to remit the
money he earned to Faw, Casson, not that it was unlawful for him to
be paid for his services. Nor did it mean the money he received was
Faw, Casson's property. Although Faw, Casson certainly had a legal
claim to that money – one that was eventually recognized in the state
court judgment – it did not own the money. The Court therefore re-

jects the Plaintiffs theory that Wimbrow should be denied a discharge under §523(a)(4) for having committed larceny. Count III will be dismissed.

### D.  Count IV

Section 523(a)(4) also prevents debtors from discharging debts "for embezzlement," which federal common law defines as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Schlessinger*, 208 Fed.Appx. at 133 (citing *Moore v. United States*, 160 U.S. 268 (1895) (noting the Debtor's taking of business opportunities and commissions in competition against his former employer was not a materialization of "property" under federal common law); *Ginsburg ex rel. Vertical Grp. v. Birenbaum*, No. 06-01217, 2009 WL 304045, at *10 (Bankr. W.D. Pa. Feb. 9, 2009). Because the Third Circuit has noted that embezzlement, like larceny, requires the appropriation or taking of another's property, *Schlessinger*, 208 Fed.Appx. at 133, and because the funds in question here were not the Plaintiffs' property, the embezzlement claim fails just as the larceny claim did. Wimbrow did not misappropriate the Plaintiffs' property, he breached his employment contract. While the Plaintiffs have established that Wimbrow reneged on his contract, they have not shown that he acted in a manner that would make his debt to them nondischargeable under §523(a)(4). Count IV will be dismissed.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant, in full, Wimbrow's motion for partial dismissal. Counts II, III, and IV are dismissed with prejudice.

**BY THE COURT**:

Dated: July 27, 2012
Wilmington, Delaware

_____
Brendan Linehan Shannon
United States Bankruptcy Judge